No. 6954.

## ORLEANS-KENNER ELECTRIC RAILWAY COMPANY v. J. W. SKIDMORE, ET ALS.

### Syllabus.

1. The presumption in favor of the truth of the recitals of a sheriff's return can be overcome only by positive and direct evidence.

2. The official acts of persons, not mere trespassers or usurpers, holding office under color of right, are valid and binding and cannot be collaterally questioned.

3. A defendant in an expropriation suit has no cause to complain that the summonses to jurors failed to properly disclose the location of the Court House as prescribed by C. P. 179, Sec. 4, unless he shows that the jurors were misled thereby and failed to seasonably attend at the Court House on the day they were summoned to appear.

4. In expropriation proceedings the Clerk and Sheriff derive their authority to draw the jury from R. S. 1481 (R. C. C. 2632), no mandate of the Court being required. And if the jury is in fact drawn by them in accordance with the statute, it is immaterial that an informal or irregular order of Court was directed to them or either of them upon the subject.

5. Under R. S. 1481 (R. C. C. 2632), which requires that the jurors shall be summoned to attend "on the tenth day after the date of the summons," the date of an undated summons is either the date of its issuance or the date of service thereof.

6. Defendants are properly condemned for the costs in an expropriation proceeding where a tender is made in accordance with R. C. C. 2638.

241

Appeal from the Twenty-eighth Judicial District Court, Parish of Jefferson, Honorable Prentice E. Edrington, Judge. Affirmed.

Peter Stifft & Conrad Buchler, for plaintiff and appellee.

Robert J. Perkins and Clifford J. Hays, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a suit, directed against both the owners and their tenant, to expropriate a strip of land through the property for a right of way for an electric railroad.

1. A domiciliary service was made upon the tenant by leaving the papers in the hands of his wife. The return of the officer making the service discloses by its recitals that all formalities essential to a valid domiciliary service were complied with; but nevertheless the tenant challenges the truth of the return insofar as it recites that the order of Court upon the petition of expropriation was left with his wife.

In support of this contention the only evidence tendered by him was to the effect that such an order was not among the papers subsequently turned over to him by his wife after the service. Such evidence does not establish with certainty that the order was not in fact left with the wife and is wholly insufficient to overcome the presumption of truth existing in favor of the recitals of the return of the officer making service.

2. The tenant contends further that the proceedings are void because the sundry judicial officers issuing and serving the summons had, in violation of C. P. 764, failed

242

to have their appointments and oaths of office entered on the records of the Court.

It is not charged that these officials are mere trespassers or usurpers, on the contrary, they were regularly elected or appointed and under such elections and appointments they had served for many years. They hold their offices consequently under color of right—they are at least officers *de facto,* whose official acts are valid and binding and cannot thus be collaterally questioned.

> *Guilbeau v. Cormier, 32 Ann.,* 930.
> *State v. Williams, 35 Ann.,* 742.

3. The next ground of nullity set up is that the summons issued to the jurors did not properly disclose the location of the clerk's office as required by C. P. 179, Sec. 4.

In one case it was held that such an objection did not merit the Court's notice.

> *Succession of DeMarigny, 22 Ann.,* 171.

The summons in this case, duly signed by the clerk, properly directs "the jurors to appear before the Twenty-eighth Judicial District Court in and for the Parish of Jefferson, at the Court House," but the location of the Court House is given as "Mechanikham" instead of "Gretna." It is not shown that any of the jurors were misled by this error, nor that any of them failed to appear on the day they were summoned to be present. In the absence of such a showing the defendants have no cause to complain of this mere technical irregularity since they were apparently not prejudiced thereby.

> See *Landry v. Dickson, 7 A.,* 238.
> *Driggs v. Morgan, 10 R.,* 119.
> *Standard Co. v. Mathison, 47 A.,* 710.

4. The jurors in this case were listed and drawn by the clerk and sheriff as required by R. S. 1481 (R. C. C. 2632). No order of Court was required to authorize them to do so, and consequently the order of Court which directed the **clerk** "to draw and summon a jury of freeholders as provided by Section 1481 of the Revised Statutes", was mere surplusage, and moreover produced no ill effects of which defendants could complain, since the jurors were in fact listed, drawn and summoned strictly as the law prescribes.

5. The jurors were drawn on Saturday, August 1st, but the summonses to them, which are not dated, were not issued nor served until the Monday following August 3rd, and the jurors were directed therein to appear in Court on August 13th. This was in accord with R. S. 1481 (R. C. C. 2632), which requires that they shall be summoned to attend "on the tenth day after the date of the summons," since the date of an undated summons is either the date of its issuance or the date of service thereof.

6. Passing now to the merits of the case, we find that the land expropriated herein is less than 1/3 of an acre in area and that the owner was awarded an indemnity of $75.00. This is equivalent to a value of more than $225.00 an acre and appears ample in view of the uncontradicted evidence that the market value of similar land in that immediate neighborhood does not exceed $100 an acre.

The right of way runs across the rear portion of the property which the tenant uses as a pasture for his dairy cows. The special damages which he claims as lessee are that he will be obliged to install pipes and troughs to furnish water to his cows beyond the right of way; that the cows will have to be escorted four times daily across

244

the right of way, entailing additional labor and expense upon him, etc.

The fact is, however, that the parish had already laid out and were about to construct a modern public roadway across the property at this point, so that the injurious effects of which the tenant complains had already been caused by the act of the parochial authorities. Plaintiff's right of way, 30 feet in width, follows and is immediately adjacent to this new thoroughfare, and accordingly the effect thereof is simply to accentuate in some degree, with respect to the owner and the lessee, a situation created by another agency. Under the circumstances the award of $50.00 to the tenant does not seem unreasonable.

The defendants were properly condemned for the costs of the proceeding since a tender was made to them in accordance with R. C. C. 2638.

The judgment is accordingly affirmed.

Affirmed.

Opinion and decree, April 16th, 1917.

Rehearing refused, May 14th, 1917.